ORIGINAL

Approved: _____
MICHAEL D. LONGYEAR
Assistant United States Attorney

Before:  THE HONORABLE GABRIEL W. GORENSTEIN
         Chief United States Magistrate Judge
         Southern District of New York

19 MAG 5248

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :   **SEALED COMPLAINT**

  - v. -                           :   Violations of
                                       21 U.S.C. §§ 841 and 846
MORY KABA,                         :
                                       COUNTY OF OFFENSE:
     Defendant.                    :   NEW YORK

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   PAUL RIVERA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

   1.   From at least in or about February 2019, up to and including in or about May 2019, in the Southern District of New York and elsewhere, MORY KABA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

   2.   It was a part and an object of the conspiracy that MORY KABA, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that MORY KABA, the defendant, conspired to distribute and possess with intent to distribute were (a) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in the form commonly known as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(A); and (b) mixtures and substances containing a detectable amount of heroin and fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT TWO

4. On or about May 23, 2019, in the Southern District of New York and elsewhere, MORY KABA, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

5. The controlled substance involved in the offense was 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in the form commonly known as "crack cocaine," in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I am a Detective with the NYPD and have been with the NYPD for approximately 13 years. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

7. Beginning in or about February 2019, an NYPD detective acting undercover (the "UC"), began purchasing quantities of crack cocaine and heroin from MORY KABA, the defendant, in

Manhattan, New York. Based on conversations with the UC, a review of the UC's reports, a review of video recordings of certain buys, a review of a prior booking photograph of KABA, and my participation in surveillance of KABA, I have learned, in substance and in part, the following:

    a.    On or about February 7, 2019, the UC communicated with an individual the UC knew as "Moe" by contacting "Moe" via a cellular telephone number. The UC told "Moe," in sum and substance, that the UC had $600 to purchase heroin, and "Moe" told the UC to meet "Moe" at West 49th Street and 8th Avenue in Manhattan. The UC arrived at the agreed upon location and met "Moe." "Moe" handed the UC eight bundles of what appeared to be heroin. Based on a review of law enforcement databases, the UC identified "Moe" as MORY KABA, the defendant.

    b.    Based on my review of NYPD narcotics laboratory analysis reports and evidence vouchers, I have learned that the eight bundles that the UC purchased on or about February 7, 2019 contained approximatel 2.4 grams of a substance containing heroin.

    c.    Following the February 7, 2019 purchase of heroin, the UC met KABA eleven times in locations in Manhattan, New York to purchase narcotics. Each buy was video recorded. Between February 7, 2019 and May 23, 2019, the UC purchased approximately 309 grams of cocaine base and 22.5 grams of heroin from KABA.

    d.    With respect to the purchases of cocaine base, the transactions between the UC and KABA involved several purchase of quantities of cocaine base in excess of 28 grams. For example:

        i.    On or about May 8, 2019, near 313 West 48th Street in Manhattan, New York, the UC gave KABA approximately $1,850 in exchange for approximately 28.6 grams of cocaine base. During this interaction, KABA informed the UC, in sum and substance, that KABA was working with a new drug supplier because his prior supplier had been arrested.

        ii.    On or about May 23, 2019, near 313 West 48th Street in Manhattan, New York, the UC gave KABA approximately $2,000 in exchange for approximately 38 grams of cocaine base.

WHEREFORE, deponent respectfully requests that a warrant issue for the arrest of MORY KABA, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

DET ____ #1283
PAUL RIVERA
Detective
New York City Police Department

Sworn to before me this
3rd day of June 2019

_____
THE HONORABLE GABRIEL W. GORENSTEIN
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK